UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
SUSANNA MERCEDES COX,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23-CV-263 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

    Plaintiff filed this case to challenge a decision by the Social Security Administration ("SSA") denying her application for Social Security Disability benefits. Compl., ECF 1. Following remand to the agency, an SSA administrative law judge ("ALJ") issued a decision in Plaintiff's favor and awarded past due benefits. Plaintiff's counsel now seeks attorney's fees. Fee Mot., ECF 17. The Court respectfully recommends that Plaintiff's motion for fees be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    On January 16, 2023, Plaintiff filed a complaint asserting that the denial of her claim for social security disability by an ALJ was erroneous, not supported by substantial evidence, and contrary to law. Compl., ECF 1, ¶¶ 7, 10. On June 16, 2023, Plaintiff filed a motion for judgment on the pleadings and a memorandum of law in support, detailing her arguments as to why the decision was erroneous and remand

was warranted. Pl.'s Mot. for J., ECF 10; Pl.'s Mem. in Supp. of Mot., ECF 10-1.[1] In lieu of filing a substantive response to Plaintiff's motion, the government stipulated to remand the case for further administrative proceedings because "the Commissioner's final decision did not properly evaluate the medical opinion evidence." Proposed Stip. & Order, ECF 12-1; see Mot. to Remand, ECF 12. On September 19, 2023, the Honorable LaShann DeArcy Hall signed an order remanding the case based on the parties' stipulation, and judgment was entered soon thereafter. Stip. & Order, ECF 13; Clerk's J., ECF 14.

On December 18, 2023, the parties filed a stipulation and proposed order concerning attorney's fees to be awarded under the Equal Access to Justice Act ("EAJA"), providing for an award of $6,579.39 in fees in favor of Plaintiff's counsel. Mot. for Att'ys' Fees, ECF 15. On December 27, 2023, Judge DeArcy Hall awarded Plaintiff fees under the EAJA in the amount of $6,579.39. Stip. & Order, ECF 16.[2]

On remand, an SSA ALJ issued a new decision, finding that Plaintiff became disabled within the meaning of the Social Security Act on May 11, 2020. Notice of Award, ECF 17-5, at 2. Accordingly, on September 23, 2025, the SSA issued an award to

---

[1] The Court notes that, also on June 16, 2023, Plaintiff filed a substantially identical motion for judgment on the pleadings and memorandum of law in support. See Pl.'s Mot. for J., ECF 9; Pl.'s Mem. in Supp. of Mot., ECF 9-1. Because the documents are substantively identical, the Court disregards the duplicate filing.

[2] Judge DeArcy Hall's order awarding EAJA fees also stated that: "It is further agreed that payment of fees will be made directly to plaintiff's attorney if plaintiff has agreed to assign their rights to EAJA fees to their attorney, and provided that plaintiff owes no debt that is subject to offset under the Treasury Offset Program." Stip. & Order, ECF 16.

2

Plaintiff of $61,606.00 in past due benefits.[3] *Id.* at 1–2; *See* Osborn Decl., ECF 17-1, ¶¶ 11–12. From this amount, the SSA withheld 25%, or $15,401.50, in attorney's fees. Osborn Decl., ECF 17-1, ¶ 12; Notice of Award, ECF 17-5, at 2, 4; Email Notification of Award, ECF 17-6; Pl.'s Mem. in Supp. of Mot. Att'ys' Fees ("Mem."), ECF 17-7, at 2. On October 27, 2025, counsel filed the instant application requesting the award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $15,401.50.[4] Mem., ECF 17-7, at 1. In support of the application, counsel included a declaration, a summary of the hours worked on the case, a copy of Plaintiff's September 23, 2025 notice of award, an email notification from Plaintiff's counsel before the SSA forwarding the notice of award to counsel in this case, a memorandum of law, and a copy of Plaintiff's fee agreement, which states that counsel may recover a contingency fee of 25% of past due benefits recovered. Fee Agreement, ECF 17-2, at ECF p. 2; *see generally* Osborn Decl., ECF 17-1; Letter re: EAJA Fees, ECF 17-3; Notice of Award, ECF 17-5; Email Notification of Award, ECF 17-6; Mem., ECF 17-7.

For the reasons set forth herein, counsel's fee application should be granted, awarding counsel $15,401.50 in fees and directing counsel to reimburse Plaintiff any fees received under the EAJA.

---

[3] The Court calculates the September 23, 2025 award for past due benefits based on the September 15, 2025 Social Security Administration Notice of Award that Plaintiff's counsel attached. The attorney fee withheld, $15,401.50, plus the amount paid to Plaintiff, $46,204.50, equals $61,606.00. Notice of Award, ECF 17-5, at 2, 4 (stating that $15,401.50 was withheld, resulting in a total paid to Plaintiff of $46,204.50, and that "25 percent of [the] past due benefits" is "$15,401.50," which equates to a total award of $61,606.00); *see also* Osborn Decl., ECF 17-1, ¶ 12.

[4] Counsel argues that his motion is timely, notwithstanding § 406(b)'s 14-day deadline for filing a fee application. *See* Pl.'s Mem. in Supp. of Mot. Att'ys' Fees, ECF 17-7, at 3–4; *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019).

3

## DISCUSSION

### I. Legal Standards

The Supreme Court has clearly stated that 42 U.S.C. "'§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Of relevance here, § 406(b) "authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A)). Subsection (b) also expressly allows "withholding of past-due benefits to pay these fees directly to the attorney." *Culbertson*, 586 U.S. at 56 (quotation marks omitted). Plaintiff's counsel now seeks fees under § 406(b) for work done related to this federal case. *See* Mem., ECF 17-7, at 2, 5 (summarizing attorney hours); Letter re: EAJA Fees, ECF 17-3, at ECF pp. 3–5.

When "there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990); *see also Devenish v. Astrue*, 85 F. Supp. 3d 634, 636 (E.D.N.Y. 2015). In determining whether a requested fee is "unreasonable," district courts "should consider: (i) 'whether the contingency percentage is within the 25% cap'; ([ii]) 'whether there has been fraud or overreaching in making the agreement'; and (iii) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Devenish*, 85 F. Supp. 3d at 636 (quoting *Wells*, 907 F.2d at 372); *see also Fields v. Kijakazi*, 24 F.4th 845, 849 (2d

4

Cir. 2022) (identifying factors for consideration in an unreasonableness inquiry under § 406(b) including "the character of the representation and the result the representative achieved," whether counsel caused undue delay, and "whether there was fraud or overreaching in the making of the contingency agreement," and discussing how to evaluate a potentially problematic "windfall" for counsel); *Hanna v. Kijakazi*, No. 21-CV-5543 (EK) (SJB), 2024 WL 4252032, at *1 (E.D.N.Y. Aug. 14, 2024). In addition, although fees may be awarded under both the EAJA and § 406(b), "the claimant's attorney must refund the claimant the amount of the smaller fee." *Devenish*, 85 F. Supp. 3d at 636; *see also Gisbrecht*, 535 U.S. at 796.

## II. Analysis

### A. Timeliness

Federal Rule of Civil Procedure 54(d) requires motions for attorney's fees, including those filed under 42 U.S.C. § 406(b), to be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); *see Sinkler*, 932 F.3d at 87–88. In *Sinkler*, the Second Circuit held that the 14-day deadline for making applications for fees under § 406(b) is subject to equitable tolling and begins to run "when the claimant receives notice of the benefits calculation." *Id.* at 91; *see also Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113 (KJD), 2021 WL 4990049, at *2 (D. Vt. Oct. 27, 2021) (discussing the background of the equitable tolling doctrine in this context).

Here, the notice of award is dated September 23, 2025. Notice of Award, ECF 17-5. Counsel explains that the notice was initially sent to the law offices of Pasternack Tilker Ziegler Walsh Stanton & Romano, LLP, which represented Plaintiff before the SSA, and counsel in this case received the notice via an email from that firm on October 14, 2025. *See* Osborn Decl., ECF 17-1, ¶ 13; *see also* Email Notification of Award, ECF 17-6. Here, where counsel filed the instant motion within 14 days of its belated receipt of

5

notice of the benefits calculation, the reasoning of *Sinkler* applies with substantial force, and the application is timely. *See Farrar v. Comm'r of Soc. Sec.*, No. 22-CV-8844 (JCM), 2025 WL 2855628, at *2 (S.D.N.Y. Oct. 8, 2025) (finding motion timely when counsel received the notice of award a week after its issuance); *Lapompe v. Comm'r of Soc. Sec. Admin.*, No. 21-CV-4160 (EK) (TAM), 2025 WL 624423, at *2 n.2 (E.D.N.Y. Feb. 7, 2025) (applying *Sinkler*'s reasoning where the plaintiff moved for attorney's fees 10 days following receipt of notice of award for auxiliary beneficiaries), *report and recommendation adopted*, 2025 WL 622877 (E.D.N.Y. Feb. 26, 2025). Accordingly, the Court respectfully recommends that the fee application be found to be timely.

### B. Reasonableness

In considering the reasonableness of the requested fee, the Court starts with the language of the fee agreement and notes that it plainly provides for a 25% contingency fee, an amount consistent with the statutory cap. Fee Agreement, ECF 17-2, at ECF p. 2. The Court further observes that counsel has been representing Plaintiff for close to three years and achieved a favorable result in part through effective and efficient advocacy in this federal case as detailed above, and counsel does not appear to have caused any undue delay. Osborn Decl., ECF 17-1, ¶¶ 2–7; Fee Agreement, ECF 17-2 (executed on January 12, 2023). There is also no evidence of fraud or overreaching in the arrangement between client and counsel, who provided a summary of his firm's work on the case, which indicates that counsel devoted 26.4 hours to these federal court proceedings. Osborn Decl., ECF 17-1, ¶ 7; Mem., ECF 17-7, at 2; *see also* Letter re: EAJA Fees, ECF 17-3 (detailing 26.4 hours of attorney work on the federal court case between December 28, 2022 and June 15, 2023). Given that all of the circumstances of the fee application here are fair and reasonable and within the statutory framework, that the award would not provide a problematic windfall to counsel, and in light of the importance of contingency

6

arrangements in ensuring that "people in need of good lawyers" are able to hire them, the Court finds that counsel's fee request is not unreasonable and should be approved. *Fields*, 24 F.4th at 849.[5]

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for attorney's fees be granted and that Plaintiff's counsel be awarded **$15,401.50** in fees under § 406(b). Plaintiff's counsel should further be directed to refund to Plaintiff any and all amounts received in connection with the fee previously awarded under the EAJA.

\* \* \* \* \*

This Report and Recommendation will be filed electronically. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable LaShann DeArcy Hall at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates

---

[5] Counsel correctly points out that, if evaluated on an hourly basis, the requested fee would compensate counsel at the rate of $583.39 per hour, a number that is within the range of rates that have been found reasonable by courts after the Supreme Court's decision in *Gisbrecht*. Mem., ECF 17-7, at 5 (collecting cases). *See Farrar v. Comm'r of Soc. Sec.*, No. 22-CV-8844 (JCM), 2025 WL 2855628, at *3 (S.D.N.Y. Oct. 8, 2025) (discussing range of hourly rates found reasonable, from approximately $608 per hour to over $2,000) (collecting cases).

as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
　　　　November 26, 2025

　　　　　　　　　　　　　　　　　　*Taryn A. Merkl*
　　　　　　　　　　　　　　　　　　TARYN A. MERKL
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE